UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY BALDWIN, individually, and behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| CALIBER HOME LOANS, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

COMES NOW Amy Baldwin ("Plaintiff"), individually, and behalf of all other others similarly situated, and files this Complaint against Caliber Home Loans, Inc. ("Caliber"), as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq.

2.     Plaintiff's claims arise from Caliber's violation of the requirements imposed by RESPA related to the administration of her mortgage escrow account. 12 U.S.C. § 2605(g). Specifically, Caliber failed to timely pay the 2021 City of Atlanta taxes due on Plaintiff's home from the funds collected from her and escrowed for that purpose, resulting in the assessment of late fees, penalties, and interest.

3.     Caliber has engaged in a pattern and practice of failing to properly administer escrow accounts associated with borrowers' federally related mortgages for which Plaintiff seeks class-wide relief under RESPA.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 because the action arises under the laws of the United States.

5.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.     This Court has specific personal jurisdiction over Caliber under Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91(1) and the Due Process Clause because Caliber transacts business in Georgia by making and servicing mortgage loans and Plaintiff's claims arise out of Caliber's transaction of business in Georgia.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims occurred within this judicial district and the property that is the subject of this action is situated within this judicial district.

## PARTIES

8.     Plaintiff is a natural person over the age of eighteen, who owns the real property located at 102 Hillcrest Avenue NE, Atlanta, Georgia 30317 (the "Property").

9.      Caliber services mortgage loans nationwide, including the mortgage loan on the Property and other mortgage loans to Georgia consumers. Caliber may be served with process on its registered agent, CT Corporation System, 289 Culver Street, Lawrenceville, GA 30046.

## FACTUAL ALLEGATIONS

10.     On or about November 17, 2020, Plaintiff obtained a mortgage loan from Caliber (the "Caliber loan") to refinance an existing mortgage on the Property.

11.     The Caliber loan is a federally related mortgage loan as defined in 12 USC § 2605(g).

12.     Caliber is a "servicer" under Section 6 of RESPA.

13.     The Caliber loan is an escrowed loan that requires Plaintiff to make estimated real estate tax payments to an escrow account owned and controlled by Caliber, as servicer of the Caliber loan, to remit to the appropriate taxing authorities.

14.     Plaintiff timely made all payments of principal, interest, property taxes, and other escrow items to Caliber.

15.     The City of Atlanta assessed taxes on the Property in the amount of $5,189.21 for 2021. A copy of the City of Atlanta tax bill for 2021 is attached as Exhibit 1.

16.     The City of Atlanta taxes were due to be paid by November 15, 2021.

17.     Caliber failed to remit payment of the City of Atlanta taxes on the

Property on or before the deadline to avoid a penalty.

18.     As of the filing of the Complaint, the City of Atlanta taxes, interest, late fees, and penalties assessed against the Property for 2021 remain unpaid. A copy of the web page reflecting the unpaid amounts due to the City of Atlanta is attached as Exhibit 2.

19.     As a result of Caliber's failure to timely remit the tax payment on the Property, the City of Atlanta assessed more than $650 in late fees, penalties, and interest.

20.     Caliber failed to provide Plaintiff with the annual escrow account statement required by 12 CFR § 1024.17(i).

21.     On or about May 10, 2022, Plaintiff gave Caliber written notice that Caliber had failed to timely pay taxes on the Property.

22.     On or about May 10, 2022, Plaintiff called Caliber and verbally notified the company of its failure to pay taxes on the Property.

23.     Caliber failed to pay the City of Atlanta taxes within a reasonable period of time after receiving written notice from Plaintiff.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of herself, and on behalf of all others similarly situated.

25.    Plaintiff proposes the following Class, while reserving the right to modify this definition. Fed. R. Civ. P. 23(c).

> All persons in the United States with a federally related mortgage loan serviced by Caliber (1) that required payments for deposit into an escrow account for the purpose of assuring payment of taxes, (2) the payment for taxes was not made on or before the deadline to avoid a penalty and (3) the borrower's payment was not more than 30 days overdue.

26.    The class period is limited by the applicable statute of limitations.

27.    Plaintiff proposes certification on all issues, while reserving the right to seek, in the alternative, certification as to any specific issue, claim, or defense. *Id.*

28.    Plaintiff satisfies the requirements of Rule 23(a).

a. Numerosity – the members of the proposed Class are so numerous that joinder is impractical.

b. Commonality – There are common questions of law and fact, including:

   i. whether Caliber failed to timely remit payment of taxes and insurance premiums with the funds escrowed for that purpose from Plaintiff and other borrowers;

   ii. whether Caliber's conduct violated 12 U.S.C. § 2605(g);

   iii. whether Caliber engaged in a pattern or practice of noncompliance with 12 U.S.C. § 2605(g); and

iv. whether the costs and attorney's fees incurred in connection with this action are recoverable under 12 U.S.C. § 2605(f)(3).

c. Typicality – Plaintiff's claims are typical of members of the proposed Class because Plaintiff and class members have been aggrieved by the same misconduct and suffered the same type of damages.

d. Adequacy – Plaintiff will adequately and fairly represent and protect the interests of the members of the proposed Class. Plaintiff has no conflict of interest with members of the proposed Class.

29. Plaintiffs satisfy the requirements of Rule 23(b)(3). The answers to the common questions for Plaintiff will decide liability for the entire class. If Plaintiff establishes that Caliber violated RESPA by failing to timely remit taxes from the funds escrowed for that purpose, she will necessarily establish liability for all class members, without the need for any additional proof as to liability.

30. A class action is superior to other available remedies. The common questions would predominate over any individual questions, and thus no other form of litigation could be superior to a class action.  Indeed, because of the low dollar amounts at stake, a class action is likely the only way for Plaintiffs and other class members to obtain any redress.

31.     The members of the proposed Class are ascertainable because the Class is defined by reference to objective criteria.

32.     The members of the proposed Class are identifiable from Caliber's business records.

## COUNT ONE: VIOLATION OF RESPA, 12 U.S.C. § 2605(g)

33.     RESPA governs the servicing of mortgage loans and administration of escrow accounts.

34.     12 US.C. § 2605(g), titled "Administration of escrow accounts," provides:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due. Any balance in any such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or credited to a similar account for a new mortgage loan to the borrower with the same lender.

35.     As the servicer of Plaintiff's federally related mortgage loan, Caliber collected from Plaintiff and escrowed funds to pay taxes, insurance, and other escrow items on the Property.

36.     Caliber had a duty under RESPA to timely remit the 2021 taxes due on the Property to the City of Atlanta on Plaintiff's behalf from the funds escrowed for that purpose.

37.     Caliber breached that duty by failing to pay the City of Atlanta taxes on the Property by the due date.

38.     Plaintiff suffered actual damages as a direct result of Caliber's violation of 12 USC § 2605(g), in the form of late fees, penalties, interest, attorney's fees, and costs of litigation in an amount to be established at trial.

## COUNT TWO: VIOLATION OF 12 CFR § 1024.17(i)

39.     RESPA also requires servicers to comply with the obligations specified in its implementing regulations.

40.     12 CFR § 1024.17(i) was promulgated by the Consumer Financial Protection Bureau under § 6 of RESPA to carry out the purpose of 12 CFR § 2605(g).

41.     12 CFR § 1024.17(i) sets out the requirements for an escrow account that a lender establishes in connection with a federally related mortgage loan.

42.     Under 12 CFR § 1024.17(i), a loan servicer is required to submit an annual escrow statement to the borrower within 30 calendar days of completion of the escrow account computation year.

43.   The annual escrow statement must provide an account history, reflecting the activity in the escrow account during the escrow account computation year, and a projection of the activity in the account for the next year, including the total amount paid out of the escrow account for taxes.

44.   Due to Caliber's failure to provide Plaintiff with the annual escrow account statement required by 12 CFR § 1024.17(i), Plaintiff was unaware that Caliber had failed to timely pay the City of Atlanta property taxes due on the Property from the funds collected from Plaintiff and escrowed for that purpose.

45.   Had Caliber provided Plaintiff with an annual escrow account statement, Plaintiff could have avoided the some or all of the accrued late fees, penalties, and interest assessed by the City of Atlanta.

46.   Plaintiff suffered actual damages as a direct result of Caliber's violation of 12 CFR § 1024.17(i), in the form of late fees, penalties, interest, attorney's fees, and costs of litigation in an amount to be established at trial.

WHEREFORE, Plaintiff on behalf of herself and the members of the proposed Class requests the following relief:

a) Certify this action as a class action pursuant to Fed. R. Civ P. 23(b), including the designation of Plaintiff as the class representative, and the appointment of her undersigned counsel as class counsel;

b) Grant judgment as a matter of law in favor of Plaintiff and the Class that Caliber violated RESPA and Regulation X, or, in the alternative, hold a trial on any disputed fact questions;

c) Award compensatory damages, plus additional statutory damages of $2,000 to Plaintiff and each member of the proposed class pursuant to 26 CFR § 2605(f)(2);

d) Award the costs of the action together with reasonable attorney's fees pursuant to 26 CFR § 2605(f)(3); and

e) Any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

This 23rd day of May, 2022.

/s/ Adam Hoipkemier
Adam Hoipkemier
Georgia Bar No.: 745811
Attorney for Plaintiffs

EPPS, HOLLOWAY, DELOACH
& HOIPKEMIER, LLC
1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
adam@ehdhlaw.com

/s/ J.E. Butler III
James E. Butler III
Georgia Bar No.: 116955
Attorney for Plaintiffs

BUTLER LAW FIRM
10 Lenox Pointe
Atlanta, Georgia 30324
678 940 1444
jeb@butlerfirm.com