UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY BALDWIN, individually, and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>Defendant. | Case No. 1:22-cv-02050-JPB<br><br>Jury Trial Demanded |

## AMENDED CLASS ACTION COMPLAINT

COMES NOW Amy Baldwin ("Plaintiff"), individually, and behalf of all other others similarly situated, and files this Amended Complaint against Caliber Home Loans, Inc. ("Caliber"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq.

2. Plaintiff's claims arise from Caliber's violation of the requirements imposed by RESPA related to the administration of her mortgage escrow account. 12 U.S.C. § 2605(g). Specifically, Caliber failed to timely pay the 2021 City of Atlanta taxes due on Plaintiff's home from the funds collected from her and escrowed for that purpose, resulting in the assessment of late fees, penalties, and interest and the initiation of tax sale proceedings.

3. Complaints by other borrowers against Caliber for failing to timely remit payments of taxes and insurance premiums from escrowed funds demonstrate that Caliber has engaged in a pattern and practice of failing to properly administer escrow accounts associated with borrowers' federally-related mortgages for which Plaintiff seeks class-wide relief under RESPA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 because the action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has specific personal jurisdiction over Caliber under Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91(1) and the Due Process Clause because Caliber transacts business in Georgia by making and servicing mortgage loans and Plaintiff's claims arise out of Caliber's transaction of business in Georgia.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims occurred within this judicial district and the property that is the subject of this action is situated within this judicial district.

## PARTIES

8. Plaintiff is a natural person over the age of eighteen, who owns the real property located at 102 Hillcrest Avenue NE, Atlanta, Georgia 30317 (the "Property").

9. Caliber services mortgage loans nationwide, including the mortgage loan on the Property and other mortgage loans to Georgia consumers. Caliber may be served with process on its registered agent, CT Corporation System, 289 Culver Street, Lawrenceville, GA 30046.

## FACTUAL ALLEGATIONS

10. On or about November 17, 2020, Plaintiff obtained a mortgage loan from Caliber (the "Caliber loan") to refinance an existing mortgage on the Property.

11. The Caliber loan is a federally related mortgage loan as defined in 12 USC § 2605(g).

12. Caliber is a "servicer" under Section 6 of RESPA.

13. Upon information and belief, Caliber sold the Caliber loan and retained the servicing rights.

14. The Caliber loan is an escrowed loan that requires Plaintiff to make estimated real estate tax payments to an escrow account owned and controlled by Caliber, as servicer of the Caliber loan, to remit to the appropriate taxing authorities. Plaintiff timely made all payments of principal, interest, property taxes, and other

escrow items to Caliber.

15. The City of Atlanta assessed taxes on the Property in the amount of $5,189.21 for 2021. A copy of the City of Atlanta tax bill is attached as <u>Exhibit 1</u>.

16. The City of Atlanta taxes were due to be paid by November 15, 2021.

17. Caliber failed to remit payment of the City of Atlanta taxes on the Property on or before the deadline to avoid a penalty.

18. As of the filing of the original Complaint, the City of Atlanta taxes, interest, late fees, and penalties assessed against the Property for 2021 were unpaid. A copy of the web page reflecting the unpaid amounts due to the City of Atlanta as of the filing date is attached as <u>Exhibit 2</u>.

19. As a result of Caliber's failure to timely remit payment for taxes due on the Property, the City of Atlanta assessed more than $650 in late fees, penalties, and interest.

20. As a result of Caliber's failure to remit payment for taxes due on the Property, the City of Atlanta began the process to foreclose its tax lien on the Property.

21. Caliber failed to provide Plaintiff with the annual escrow account statement required by 12 CFR § 1024.17(i).

22. On or about May 10, 2022, Plaintiff gave Caliber written notice that Caliber had failed to timely pay taxes on the Property.

23. On or about May 10, 2022, Plaintiff called Caliber and verbally notified the company of its failure to pay taxes on the Property.

24. Caliber failed to pay the City of Atlanta taxes within a reasonable period of time after receiving written notice from Plaintiff.

## CLASS ALLEGATIONS

25. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of herself, and on behalf of all others similarly situated.

26. Plaintiff proposes the following Class, while reserving the right to modify this definition. Fed. R. Civ. P. 23(c).

> All persons in the United States with a federally related mortgage loan serviced by Caliber (1) that required payments for deposit into an escrow account for the purpose of assuring payment of taxes, insurance, and other escrowed items, (2) the payment for taxes, insurance, or other escrowed items was not made on or before the deadline to avoid a penalty and (3) the borrower's payment was not more than 30 days overdue.

27. The class period is limited by the applicable statute of limitations.

28. Plaintiff proposes certification on all issues, while reserving the right to seek, in the alternative, certification as to any specific issue, claim, or defense. *Id.*

29. Plaintiff satisfies the requirements of Rule 23(a).

    a. Numerosity – the members of the proposed Class are so numerous that joinder is impractical.

    b. Commonality – There are common questions of law and fact, including:

        i. whether Caliber failed to timely remit payment of taxes and insurance premiums from the funds escrowed for that purpose from Plaintiff and other borrowers;

        ii. whether Caliber's conduct violated 12 U.S.C. § 2605(g);

        iii. whether Caliber engaged in a pattern or practice of noncompliance with 12 U.S.C. § 2605(g); and

        iv. whether the costs and attorney's fees incurred in connection with this action are recoverable under 12 U.S.C. § 2605(f)(3).

    c. Typicality – Plaintiff's claims are typical of members of the proposed class because Plaintiff and class members have been aggrieved by the same misconduct and suffered the same type of damages.

    d. Adequacy – Plaintiff will adequately and fairly represent and protect the interests of the members of the proposed class. Plaintiff has no conflict of interest with members of the proposed class.

30. Plaintiffs satisfy the requirements of Rule 23(b)(3). The answers to the common questions for Plaintiff will decide liability for the entire class. If Plaintiff

establishes that Caliber violated RESPA by failing to timely remit taxes from the funds escrowed for that purpose, she will necessarily establish liability for all class members, without the need for any additional proof as to liability.

31. A class action is superior to other available remedies. The common questions would predominate over any individual questions, and thus no other form of litigation could be superior to a class action. Indeed, because of the low dollar amounts at stake, a class action is likely the only way for Plaintiffs and other class members to obtain any redress.

32. The members of the proposed class are ascertainable because the class is defined by reference to objective criteria.

33. The members of the proposed class are identifiable from Caliber's business records.

34. Other borrowers with federally-related mortgage loans service by Caliber filed the following complaints or reviews noting Caliber's failure to properly administer their escrow accounts:

    a. On January 24, 2022, a borrower filed a complaint against Caliber with the BBB stating that "Caliber Home loans has a serious problem in their Escrow Department. I pay my mortgage on the first of every month, but yet my homeowner's insurance is yet to be paid for 2021."

b. On April 12, 2022, a borrower filed a complaint against Caliber with the BBB stating that the "mortgage company escrow department failed to pay our home owners insurance from the escrow account."

c. On November 10, 2021, a borrower in Texas filed a complaint against Caliber with the BBB stating that "Caliber Home Loans failed to pay my annual property taxes last year and this year as well" and "I was forced to pay my taxes out of pocket only a couple of days before penalty."

d. On March 25, 2019, a borrower submitted a review of Caliber with www.pissedconsumer.com stating that his hazard insurance had expired due to Caliber's failure to remit payment of insurance premiums to the insurance carrier from the funds escrowed for that purpose, in violation of RESPA.

e. On September 7, 2016, a borrower submitted a review of Caliber with www.pissedconsumer.com stating that Caliber "show payments in and out of my escrow account for taxes that are not the actual amounts paid to the tax [sic] property taxes," "only paid on part of my taxes," which resulted in a penalty "over $1000."

35. Caliber has a pattern and practice of non-compliance with the escrow administration requirements of 12 USC § 2605(g), entitling class members to statutory damages of up to $2,000.

## COUNT ONE: VIOLATION OF RESPA, 12 U.S.C. § 2605(g)

36. RESPA governs the servicing of mortgage loans and administration of escrow accounts.

37. 12 US.C. § 2605(g), titled "Administration of escrow accounts," provides:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due. Any balance in any such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or credited to a similar account for a new mortgage loan to the borrower with the same lender.

38. As the servicer of Plaintiff's federally related mortgage loan, Caliber collected from Plaintiff and escrowed funds to pay taxes, insurance, and other escrow items on the Property.

39. Caliber had a duty under RESPA to timely remit the 2021 taxes due on the Property to the City of Atlanta on Plaintiff's behalf from the funds escrowed for that purpose.

40. Caliber breached that duty by failing to pay the City of Atlanta taxes on the Property by the due date.

41. Plaintiff is entitled to nominal damages, statutory damages, costs, and attorney's fees as a direct result of Caliber's violation of 12 USC § 2605(g).

WHEREFORE, Plaintiff on behalf of herself and the members of the proposed class requests the following relief:

a) Certify this action as a class action pursuant to Fed. R. Civ P. 23(b), including the designation of Plaintiff as the class representative, and the appointment of her undersigned counsel as class counsel;

b) Grant judgment as a matter of law in favor of Plaintiff and the class that Caliber violated 12 USC § 2605(g), or, in the alternative, hold a trial on any disputed fact questions;

c) Award nominal and statutory damages of up to $2,000 to Plaintiff pursuant to 12 USC § 2605(f)(1);

d) Award actual, nominal, and/or statutory damages of up to $2,000 to each member of the class pursuant to 12 USC § 2605(f)(2);

e) Award the costs of the action, together with reasonable attorney's fees, pursuant to 12 USC § 2605(f)(3); and

f) Any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

This 22nd day of July, 2022.

                                                       /s/ Adam Hoipkemier
                                                       Adam Hoipkemier
                                                       Georgia Bar No.: 745811
                                                       Attorney for Plaintiffs

EPPS, HOLLOWAY, DELOACH
& HOIPKEMIER, LLC
1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
adam@ehdhlaw.com

                                                       /s/ J.E. Butler III
                                                       James E. Butler III
                                                       Georgia Bar No.: 116955
                                                       Attorney for Plaintiffs

BUTLER LAW FIRM
10 Lenox Pointe
Atlanta, Georgia 30324
678 940 1444
jeb@butlerfirm.com

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing on all counsel of record via the Court's ECF Notification System on this 22nd day of July, 2022.

/s/ Adam Hoipkemier
Adam Hoipkemier
Georgia Bar No.: 745811
Attorney for Plaintiffs
